INSURANCE COMPANY OF NORTH AMERICA, Appellant, *v.* DANIEL
G. WHITLOCK and Others, Copartners Doing Business under the
Firm Name and Style of JONES & WHITLOCK, Respondents.
(Action No. 2.)

First Department, December 14, 1923.

Trial — action for accounting — defense of general release — issue that
release was obtained by fraud was ordered to be tried first — judge had
power to send issue back when it appeared that all issues were involved in
the accounting — judge did not have power to determine that release
was general.

In an action for an accounting in which an issue raised by the reply of the plaintiff
to the effect that a general release pleaded by the defendant was obtained by
fraud was ordered to be tried first, the judge before whom the issue came on
for trial had the power to send the issue back when it appeared that the trial
of that issue involved the trial of the accounting action, but the judge did not
have power to find that the release pleaded as a defense was a general release
which was only one of a number of facts to be found in order to determine the
issue sent to him for trial.

APPEAL by the plaintiff, Insurance Company of North America,
from an order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of New
York on the 15th day of January, 1923, directing that the issues
raised by the separate defense in the answer and the reply thereto
be tried at Special Term with the main issues raised by the complaint
and the answer.

*John B. Doyle*, for the appellant.

*Feltenstein & Rosenstein* [*Moses Feltenstein* of counsel], for the
respondents.

SMITH, J.:

This action is for an accounting. The defendants set up a general
release. The plaintiff has replied that this release was obtained
by fraud and misrepresentation. Application was made to Special
Term that the issue raised by the reply of the plaintiff to the effect
that the release was obtained by fraud and misrepresentation
should be first tried. This application was granted. The trial
thereof was begun and it became apparent as the case progressed
that the trial of this issue involved the trial of the accounting
action. Thereupon the judge sitting at the trial made an order
in which he determined that this was a general release and sent
back the issue raised by the reply to that general release for trial
before the Special Term, in connection with the main question upon
the accounting.

The order was right, as far as it sent back the case for trial. The respondents do not object to this, except that they want the benefit of the conclusion of the trial judge to the effect that this was a general release. But the trial judge had no right to find one fact in the case and then send all the other facts to another court for trial, when the fact found was only one of a number of facts to be found in order to determine the issue sent to him for trial. He had the right when it appeared upon the trial of the case that the issue raised by the answer and reply involved the same issue as was raised upon the accounting, to send it all to the Special Term to be tried together, notwithstanding the order of Special Term that it be tried separately. The facts as presented at the trial itself may have been quite different from those presented in affidavits to the Special Term.

The order should be modified and the matter should be sent to the Special Term for trial of all the issues raised by the complaint answer and reply. As so modified the order should be affirmed without costs to either party.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order modified so as to provide only that all the issues raised by the complaint, answer and reply be remitted to the Special Term for trials, and as so modified affirmed, without costs.